IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>vs.<br><br>RICHARD E. COOLEY,<br><br>                 Defendant. | 4:14-CR-3041<br><br>TENTATIVE FINDINGS |

    The Court has received the presentence investigation report and addendum in this case. The defendant has filed a motion for downward departure (filing 28). The defendant has also filed a sentencing statement (filing 29) in which he objects to the presentence report.

    IT IS ORDERED:

1.    The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a)    give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b)    resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)    impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)    impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)    depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

- (f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has filed a motion for downward departure (filing 28) that the Court will construe as seeking both a downward departure within the Guidelines framework and variance from the Guidelines based on the § 3553(a) factors.[1] The defendant argues, based on post-offense rehabilitation and his personal circumstances, that a sentence of probation is warranted. But most of the circumstances identified by the defendant are not specifically enumerated in Part K of Section 5 of the Guidelines, and therefore do not provide a basis for departure when the offense of conviction is a child crime or sexual offense. *See*, 18 U.S.C. § 3553(b)(2)(A)(ii); U.S.S.G. § 5K2.0(b); *see also, e.g., United States v. Reilly*, 662 F.3d 754, 759 (6th Cir. 2011). The Court will, nonetheless, consider the defendant's arguments insofar as they are relevant to a variance pursuant to § 3553(a).

   The Court notes, however—and the defendant should be aware—that <u>probation is not an authorized sentence for the defendant's conviction, because the minimum sentence for this offense is 5 years' imprisonment</u>. *See*, 18 U.S.C. § 2252A(b)(1); 18 U.S.C. § 3561(a)(2); *United States v. Blair*, 530 F.3d 655, 656 (8th Cir. 2008); *see also*, *e.g.*, *United States v. Troy*, 618 F.3d 27, 36-37 (1st Cir. 2010); *United States v. Mueller*, 463 F.3d 887, 888-93 (9th Cir. 2006).

3. The defendant also objects to the presentence report's inclusion of a four-level increase in the offense conduct for possessing material depicting sadistic or masochistic conduct. *See* filing 29. The defendant

---

[1] In sentencing a defendant, the Court must first determine the advisory sentencing range as recommended by the Guidelines. Next, the Court must decide if any applicable Guidelines provisions permit a traditional "departure" from the recommended sentencing range. The term "departure" is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines. The calculation of the initial advisory Guidelines range, along with any applicable departures, results in a final advisory Guidelines sentencing range. Then, in determining the actual sentence that should be imposed, the Court must consider whether the factors in § 3553(a) justify a "variance" outside the final advisory Guidelines sentencing range. As opposed to a "departure," a "variance" refers to a non-Guidelines sentence based on the factors enumerated in § 3553(a). *United States v. Lozoya*, 623 F.3d 624, 625-26 (8th Cir. 2010).

has not, however, contradicted the presentence report's *description* of the material—and some of the material described is indisputably sadistic as the Eighth Circuit has interpreted the relevant guideline. *See*, *United States v. Dodd*, 598 F.3d 449, 453 (8th Cir. 2010); *United States v. Belflower*, 390 F.3d 560, 562 (8th Cir. 2004); *United States v. Diaz*, 368 F.3d 991, 992 (8th Cir. 2004). The Court's tentative finding, therefore, is that the defendant's objection should be overruled. Of course, the government will have the burden to prove, at sentencing, that the enhancement applies. *See*, *United States v. Benson*, 715 F.3d 705, 708 (8th Cir. 2013); *United States v. Thomas*, 630 F.3d 1055, 1057 (8th Cir. 2011). And the Court will determine at sentencing whether the full four-level increase should be imposed under this Court's modified U.S.S.G. § 2G2.2 framework. *See United States v. Abraham*, 944 F. Supp. 2d 723, 732-33 (D. Neb. 2013).

4. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

5. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

6. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

7. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

- 4 -

Dated this 18th day of August, 2014.

BY THE COURT:

John M. Gerrard
United States District Judge