IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>RICHARD E. COOLEY,<br><br>      Defendant. | 4:14-CR-3041<br><br>RESTITUTION ORDER |

   This matter is before the Court to determine the defendant's restitution obligation pursuant to 18 U.S.C. § 2259 and 18 U.S.C. § 3664. For the reasons explained below, the Court will order the defendant, Richard E. Cooley, to pay $2,206.78 in restitution.

   In considering Cooley's restitution obligation, the Court is mindful of several basic principles. The government has the burden of proving the amount of restitution by a preponderance of the evidence. *United States v. Miller*, 419 F.3d 791, 792 (8th Cir. 2005). Restitution for Cooley's conviction is mandatory, and Cooley shall be ordered to pay the full amount of the victim's losses. § 2259(a) and (b)(1). The victim's losses, for purposes of restitution under § 2259, include: any costs incurred by the victim for (A) medical services relating to physical, psychiatric, or psychological care; (B) physical and occupational therapy or rehabilitation; (C) necessary transportation, temporary housing, and child care expenses; (D) lost income; (E) attorney fees, as well as other costs incurred; and (F) any other losses suffered by the victim as a proximate result of the offense. § 2259(b)(3). Restitution is proper under § 2259 only to the extent that Cooley's offense proximately caused the victim's losses. *Paroline v. United States*, 134 S. Ct. 1710, 1722 (2014).

   There are two classes of victim at issue in this case for purposes of evaluating proximate cause—or, to be more precise, there is one victim who is far more closely connected to the victim's offense than any others. The evidence before the Court establishes that the material Cooley was convicted of possessing was obtained from Jerald Vrbas, the defendant in a related case, no. 4:14-cr-3007. Most of that material, in turn, was retrieved by Vrbas from the Internet—but Vrbas was convicted of *producing* child pornography, because he took pictures of a 3-year-old child who was visiting his residence, whom the Court will refer to as "A.B." And Vrbas provided that material to Cooley.

The Supreme Court has instructed district courts to "determine the amount of the victim's losses caused by the continuing traffic in the victim's images" and "set an award of restitution in consideration of factors that bear on the relative causal significance of the defendant's conduct in producing those losses." *Paroline,* 134 S. Ct. at 1728. Those factors may include

> the number of past criminal defendants found to have contributed to the victim's general losses; reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses; any available and reasonably reliable estimate of the broader number of offenders involved (most of whom will, of course, never be caught or convicted); whether the defendant reproduced or distributed images of the victim; whether the defendant had any connection to the initial production of the images; how many images of the victim the defendant possessed; and other facts relevant to the defendant's relative causal role.

*Id.* But in this case, there is no "continuing traffic" in A.B.'s images: the evidence before the Court is that the images were distributed by Vrbas to only three recipients, one of which informed authorities. There is no evidence that the material was distributed beyond that—and, even more particularly, there is nothing to suggest that, if the images have somehow been circulated, Cooley was responsible for it.

So, at least with respect to A.B., proximate cause is relatively straightforward: in particular, it is important that few other defendants could have contributed to A.B.'s losses, and while Cooley did not reproduce or distribute A.B.'s images, he had a close connection to the initial production of the images. For those reasons, the Court finds that Cooley should be held liable, jointly and severally with Vrbas, for the extent of A.B.'s losses.

The Court finds those losses, for purposes of restitution, to be $1,910.46. The evidence before the Court is that A.B.'s family has already been billed $370.46 for counseling services. The evidence also indicates that symptoms may be expected to reemerge at developmental milestones, at which time it would be important to resume treatment, and that the expected cost of such treatment would be $1,540.[1] The law is clear that a restitution

---

[1] At sentencing, there was some discussion of making Cooley's restitution payments payable as the victim's expenses were incurred: that is, making $370.46 payable now, and the rest payable upon presentation of A.B.'s bills. While the Court was willing to consider such a plan, the Eighth Circuit is not: the Court of Appeals has, in fact, definitively rejected a

order entered pursuant to § 2259 may include restitution for estimated future medical expenses. *See*, *United States v. Pearson*, 570 F.3d 480, 486-87 (2d Cir. 2009); *United States v. Laney*, 189 F.3d 954, 966-67 (9th Cir. 1999); *see also Palmer*, 643 F.3d at 1067-68. Accordingly, the Court awards restitution to A.B. in the sum of $1,910.46.[2] Cooley shall be jointly and severally liable for that amount with Vrbas, who has been ordered to pay restitution in the same amount in his own case.[3]

Also before the Court, however, is evidence of losses suffered by other victims whose images were found in the material Cooley possessed— specifically, victims identified by the government as "Vicky," "Cindy," "Angela," and "L.S." (from the "Jan_Feb" series of images). The causal connection between these victims and Cooley's offense is far more attenuated. In particular, the Court notes the lack of any evidence that Cooley shared the material with anyone else. Cooley was, in essence, just one more viewer. But, that does not meaningfully distinguish this case from *Paroline* itself, in which the Supreme Court instructed that

> where it can be shown both that a defendant possessed a victim's images and that a victim has outstanding losses caused by the

---

restitution schedule of that kind, finding that it "manifestly violates" § 3664(f)(3)(A). *United States v. Palmer*, 643 F.3d 1060, 1066-67 (8th Cir. 2011).

[2] The Court is also aware, of course, that future medical expenses should be awarded only where the amount can be determined with reasonable certainty, in accord with § 3664. *See, Pearson*, 570 F.3d at 486-87; *Laney*, 189 F.3d at 967 n.14; *see also Palmer*, 643 F.3d at 1068; *cf., United States v. Frazier*, 651 F.3d 899, 903-04 (8th Cir. 2011); *United States v. Chalupnik*, 514 F.3d 748, 754 (8th Cir. 2008). The Court finds that A.B.'s losses are susceptible to reasonable estimation here. And, the Court also notes, the record shows other costs associated with the offense, such as travel expenses from the victim's residence near a small rural community to North Platte for treatment, about 160 miles round trip. To the limited extent that A.B.'s future expenses may not be completely certain, that uncertainty is offset by other expenses that have already been incurred. And, the Court notes, Cooley did not object to the amount of restitution at sentencing. *See United States v. Akbani*, 151 F.3d 774, 779 (8th Cir. 1998).

[3] The Court is aware of the Eighth Circuit's suggestion in *United States v. Fast* that joint and several liability might not be consistent with § 3664 when the defendants are not part of the same case. 709 F.3d 712, 723 n.6 (8th Cir. 2013), *vacated*, 134 S. Ct. 1934 (2014) (vacated and remanded for further consideration in light of *Paroline*, 134 S. Ct. 1710). The Court understands the Eighth Circuit's concern with the administrative clumsiness of apportioning liability among defendants in different cases. But the Clerk of the Court has indicated that there is no difficulty in doing so here. And the Court does not believe that the Eighth Circuit intended to foreclose joint and several liability in a case like this—in which Vrbas and Cooley *actually did* act jointly—simply because the U.S. Attorney chose to indict them separately.

> continuing traffic in those images but where it is impossible to trace a particular amount of those losses to the individual defendant by recourse to a more traditional causal inquiry, a court applying § 2259 should order restitution in an amount that comports with the defendant's relative role in the causal process that underlies the victim's general losses.

132 S. Ct. at 1727. In other words, according to *Paroline*, mere possession is enough to mandate that a defendant pay a share of a victim's overall losses. So, the Court will order Cooley to pay restitution toward those victims as well. That amount will "not be severe in a case like this, given the nature of the causal connection between the conduct of a possessor like [Cooley] and the entirety of the victim's general losses from the trade in her images, which are the product of the acts of thousands of offenders." *Id.* Nor, however, will it be "a token or nominal amount." *Id.* Instead, it will be a "reasonable and circumscribed award imposed in recognition" of Cooley's minimal "role . . . in the causal process underlying the victim's losses[.]" *See id.*

In the absence of a "precise algorithm" for determining such an award, *see id.* at 1728, the Court begins with the evidence of the victims' losses that has been submitted to the Court. The Court finds it reasonable to conclude that half of those losses were occasioned by continuing traffic in the victims' images, as opposed to the ongoing consequences of the sexual abuse itself. And lacking more specific numbers, the Court will assume that Cooley is one of 10,000 persons to have viewed these images. From that, the Court finds that the following amounts are, while more than nominal, sufficient to compensate the victims for Cooley's small share of their losses:

| | |
|---|---|
| "Cindy": | $69.64 |
| "Vicky": | $24.24 |
| "Angela": | $18.30 |
| "L.S.": | $184.14 |
| Total: | $296.32 |

The Court will award restitution to each victim in those amounts, payable on a *pro rata* basis. In light of the closer relationship between A.B.'s losses and Cooley's offense, however—and, more precisely, the existence of other restitution awards payable toward the other victims' damages—the Court will direct that restitution paid by Cooley first be directed to A.B., until her losses have been paid in full.

The remaining matter, then, is establishing a schedule for Cooley to pay this award. While mandatory restitution shall be imposed without

consideration of the economic circumstances of the defendant, the Court is to consider the defendant's ability to pay in determining whether restitution shall be paid by lump sum, a schedule of payments, or nominal payments. *See Miller*, 419 F.3d at 794. Having considered evidence of the defendant's ability to pay, the Court will order Cooley to pay $370.46 immediately, and to make monthly payments of $25 per month toward restitution thereafter.[4]

IT IS ORDERED:

1. Cooley is ordered to pay a total of $2,206.78 in restitution, payable as follows:

    a. "A.B.":     $1,910.46
    b. "Cindy":    $69.64
    c. "Vicky":    $24.24
    d. "Angela":   $18.30
    e. "L.S.":     $184.14

2. Cooley's liability for restitution to A.B. shall be joint and several with the restitution award entered against Jerald Vrbas, case no. 4:14-cr-3007.

3. The amount of $370.46 shall be immediately due and payable, after which Cooley shall make monthly payments of $25 per month.

4. Any amounts collected from Cooley credited toward his restitution obligation shall be paid first to A.B., until her losses are paid, and thereafter to the remaining victims on a *pro rata* basis.

Dated this 12th day of November, 2014.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge

---

[4] Nothing, of course, would preclude Cooley from paying the balance of the award now.

- 5 -