IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>RICHARD E. COOLEY,<br><br>            Defendant. | 4:14-CR-3041<br><br>ORDER |

    This matter is before the Court on the defendant's "Motion for Order Granting Release from Unlawful Custody and Issue Order for Hearing and Appoint Him Counsel and Altertively [sic] Issue Writ" (filing 47). The defendant asks for three things: (1) to be released pending review of his motion to vacate pursuant to 28 U.S.C. § 2255, (2) appointment of counsel, (3) and a writ of habeas corpus ad testificandum. The motion will be denied, but without prejudice to the appointment of counsel or transportation of the defendant based upon the Court's consideration of his § 2255 motion.

    The defendant's first, and primary, request is that he be released while the Court reviews his § 2255 motion. The Court acknowledges its inherent power to order the defendant released on bond. *See Martin v. Solem*, 801 F.2d 324, 329-30 (8th Cir. 1986); *see also*, *e.g.*, *Pelullo v. United States*, 487 F. App'x 1, 3 (3d Cir. 2012); *Tijerina v. Thaler*, 368 F. App'x 584, 585 (5th Cir. 2010); *Graham v. Koerner*, 322 F. App'x 577, 582 (10th Cir. 2009); *Cherek v. United States*, 767 F.2d 335, 337-38 (7th Cir. 1985). But that requires the defendant to show both a substantial claim that presents not merely a clear case on the law, but a clear and readily evident case on the facts; *and* the existence of some circumstance making the request exceptional and deserving of special treatment in the interests of justice. *See Martin*, 801 F.2d at 329-30; *see also*, *Pelullo*, 487 F. App'x at 3; *Tijerina*, 368 F. App'x at 585.

    The defendant has made neither showing here. While the Court reserves ruling on the merits of the defendant's § 2255 motion, the Court is not immediately persuaded that it presents a substantial claim: the defendant's motion is premised on a factual narrative that, in the undersigned's view as the sentencing judge, appears to be contradicted by the record. Nor is the Court persuaded that the defendant's circumstances are exceptional, by his largely unsupported assertion that the Bureau of Prisons

is incapable of treating his high blood pressure and other medical conditions. The defendant will not be released while his § 2255 motion is considered.

The defendant also asks for counsel to be appointed. Filing 47 at 3. The Court will deny that request at this time, but without prejudice. If the motion passes preliminary review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (the "§ 2255 Rules"), and an evidentiary hearing is required, then the Court will appoint counsel as required by Rule 8(c) of the § 2255 Rules.

Finally, as an alternative to his outright release, the defendant asks the Court to "issue a writ of habeas corpus ad testificandum under 28 United States Codes § 2241(e) for his immediate production to testify in Court."[1] Filing 47 at 1. The Court will deny that request at this time, but again without prejudice: should an evidentiary hearing be required, the Court will determine at that point whether the defendant's presence is necessary. The Court notes, however, that it may "entertain and determine" a § 2255 motion "without requiring the production of the prisoner at the hearing." § 2255(c).

IT IS ORDERED:

1. The defendant's "Motion for Order Granting Release from Unlawful Custody and Issue Order for Hearing and Appoint Him Counsel and Altertively Issue Writ" (filing 47) is denied.

2. Such denial is without prejudice to the matters of appointment of counsel or the production of the defendant at an evidentiary hearing.

Dated this 13th day of May, 2015.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge

---

[1] The Court assumes the defendant is referring to 28 U.S.C. § 2241(c)(5), as § 2241(e) relates to jurisdiction over applications filed by enemy combatants.