IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>RICHARD E. COOLEY,<br><br>　　　　　　　Defendant. | 4:14-CR-3041<br><br>MEMORANDUM AND ORDER |

　　　　This matter is before the Court upon initial review of the pro se motion to vacate under 28 U.S.C. § 2255 (filing 46) and the supplemental motion to vacate (filing 49) filed by the defendant, Richard E. Cooley. The initial motion was timely filed less than 1 year after the defendant's conviction became final. *See* § 2255(f). The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

　　　　A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show that the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

BACKGROUND

The defendant was charged with one count of knowingly receiving visual depictions of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252A(a)(2), and one count of possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Filing 1. He petitioned to plead guilty to the first charge, and in the petition, he acknowledged receiving a "zip drive" (a flash drive), hand-delivered by a friend, on which child pornography was stored. Filing 19. The defendant's plea agreement stipulated to this factual basis for the plea:

> Defendant received a thumb drive from [a friend] in August 2015. The thumb drive consisted of child pornography. Some of the images involved a three year old child posed in sexually suggestive poses. [The defendant's friend] had taken those pictures himself and identified the victim in emails sent between himself and the Defendant.
>
> Other images of child pornography were on the thumb drive. The drive contained approximately 26 videos and 400 images of child pornography. A report from the National Center for Missing and Exploited Children identified at least 26 identifiable victims. These identifiable victims resided in various states and countries when their images were taken.
>
> Recovered emails between [the defendant's friend] and the Defendant revealed a shared interest in child pornography. During the search of the Defendant's residence in Wauneta, Nebraska on January 10, 2014, the officers, in addition to the thumb drive, located 9 magazines of incest genre. Defendant was interviewed by law enforcement and admitted receiving the thumb drive from [the defendant's friend] and reviewing the materials.

Filing 20 at 2. The plea agreement also provided that by signing it, the defendant was certifying he had read it, and was satisfied with his counsel and with counsel's representation. Filing 20 at 7. In exchange for the defendant's plea, the government agreed to dismiss the second charge against the defendant and recommend a sentence at the low end of the Sentencing Guidelines range. Filing 20 at 1, 4.

As his change of plea hearing, the defendant testified under oath that he had read the plea agreement and signed it. He again said that he was satisfied with his attorney, and that his attorney had investigated the case sufficiently. Filing 24 at 8. The Magistrate Judge engaged the defendant in a

detailed colloquy pursuant to Fed. R. Crim. P. 11(b). Filing 24 at 3-23. The government recited the factual basis for the plea, as set forth above, and the defendant agreed under oath that it was true. Filing 24 at 19-22.

A presentence investigation report was prepared adding additional details. Filing 40. In particular, the presentence report includes an online chat transcript between the defendant and his friend, which can be generally described as reflecting not only their interest in, but their enthusiasm for, child pornography and sex with children, including very young children. Filing 40 at 4-6. And the presentence report includes the defendant's own version of the offense, which in relevant part is as follows:

> I first met [my friend] when he came to install my wireless internet. I looked at porn on a reg. basis but he told me he had some special stuff that he was willing to share with me that he couldn't email it to me because it was illegal and he didn't want to get caught. He would download it for me on a zip drive. I should have known better but I didn't. Then we started emailing each other and like boys in a locker room started bragging about what he had done and what we would do.

Filing 40 at 7. The Court also inquired at sentencing whether counsel had reviewed the presentence report with his client, and he had.

The presentence report found that the defendant's offense level (including a 3-level reduction for acceptance of responsibility) was 30, which combined with a criminal history of I for a recommended Guidelines range of 97 to 121 months' imprisonment. Filing 40 at 10-11, 18. The Court varied from the Guidelines, based on its decision in *United States v. Abraham*, 944 F. Supp. 2d 723, 732-33 (D. Neb. 2013), and found the Guidelines range to be 60 to 71 months. Filing 43 at 1, 4. The Court sentenced the defendant to 70 months' imprisonment. Filing 42 at 2.

## DISCUSSION

Before addressing the merits of the defendant's claims, it is necessary to address a procedural matter. The defendant has filed two different motions. The first is clearly a § 2255 motion, set forth on a version of the Court's form AO 243. Filing 45. The second is captioned "Motion to Hold that Prejudice Must Be Presumed" (filing 49), and it restates the claims raised in the defendant's first motion, along with some additional allegations and argument.

The Eighth Circuit has held that when a *pro se* petitioner files a second § 2255 motion while his first § 2255 motion is still pending before the district

court, the second motion should be construed as a motion to amend. *United States v. Sellner*, 773 F.3d 927, 931-32 (8th Cir. 2014). Furthermore, in considering *pro se* litigants' amended pleadings, the Court may consider the amended pleading as supplemental to, rather than as superseding, the original pleading. NECivR 15.1(b). The Court will do so here: the Court will construe the defendant's subsequent motion as a motion to amend, and will consider the two motions together as a single § 2255 motion.

That said, the defendant's claims are difficult to parse, because rather than actually completing the § 2255 form, the defendant simply presented the Court with an undifferentiated narrative. (More than one narrative, in fact.) As best the Court can tell, however, he is presenting five postconviction claims: (1) actual innocence, (2) ineffective assistance of counsel, (3) involuntary plea, (4) pretrial placement by the Marshal far from counsel, and (5) unconstitutional overbreadth. The Court will address each in turn.

### ACTUAL INNOCENCE

The defendant argues at length that he is actually innocent of the offense of conviction. *See* filing 45 at 14-17. There are two primary grounds for that argument: (1) that he did not know what was on the drive he was given, and (2) he did not intend to break the law. Filing 45 at 14, 15-17.

To prevail on such a claim, a defendant must establish that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. *See Latorre v. United States*, 193 F.3d 1035, 1038 (8th Cir. 1999). A party generally cannot demonstrate actual innocence where there is sufficient evidence to support a conviction. *Wadlington v. United States*, 428 F.3d 779, 783 (8th Cir. 2005).

And there is sufficient evidence here. It is true that, if the defendant accepted the drive containing child pornography unknowingly, and promptly disposed of it, he *might* have a viable defense based on scienter. *See United States v. X-Citement Video, Inc.*, 513 U.S. 64 (1994). But even the facts still admitted by the defendant would be sufficient to support a conviction for knowingly possessing the material. *See*, *United States v. Boll*, 635 F.3d 340, 341-42 (8th Cir. 2011); *United States v. Kain*, 589 F.3d 945, 950 (8th Cir. 2009); *United States v. McArthur*, 573 F.3d 608, 614-15 (8th Cir. 2009).

Beyond that, the self-serving assertions the defendant now makes are conclusively contradicted by the record. The defendant does not explain the emails that he admitted the existence of, the lurid chat transcript, or his own statement to the probation office. And the defendant specifically represented at his change of plea hearing that the factual basis for the plea was accurate. Such representations during the plea-taking carry a strong presumption of

verity and pose a formidable barrier in any subsequent collateral proceedings. *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997).

The defendant also contends that he did not possess the necessary state of mind because he did not know he was violating the law. Filing 45 at 16-17. But that is not the mental state that is required—the statute requires knowledge that one possessed child pornography, not knowledge of illegality.[1] *See United States v. Dean,* 705 F.3d 745, 748 (7th Cir. 2013); *see also X-Citement Video,* 513 U.S. at 78.

In short, the Court finds the defendant's allegations of actual innocence insufficient, and that the clarity of the existing record makes an evidentiary hearing on this point unnecessary. *See Latorre,* 193 F.3d at 1038.

## INEFFECTIVE ASSISTANCE OF COUNSEL

The defendant asserts that his counsel was insufficient in several respects. To establish a claim of ineffective assistance of counsel, the defendant must show that his attorney's performance was deficient and that this prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance can be shown by demonstrating that counsel's performance fell below an objective standard of reasonableness. *Id*. at 688. However, the Court's scrutiny of counsel's performance is highly deferential, because the Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689.

To satisfy the prejudice prong of *Strickland*, the defendant must show that counsel's error actually had an adverse effect on the defense. *Gregg v. United States*, 683 F.3d 941, 944 (8th Cir. 2012). The defendant must do more than show that the errors had some conceivable effect on the outcome of the proceeding. *Id*. Rather, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. A "reasonable probability" is less than "more likely than not," but it is more than a possibility; it must be sufficient to undermine confidence in the outcome of the case. *Paul v. United States*, 534 F.3d 832, 837 (8th Cir. 2008).

In the context of a challenge to a guilty plea, the deficient performance and prejudice are demonstrated if the defendant can prove that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial.

---

[1] Nor is the defendant's allegation even marginally credible, given his statement that his friend *told* him the material couldn't be emailed because it was illegal. Filing 40 at 7.

*Hill v. Lockhart*, 474 U.S. 52, 58-60 (1985); *Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1103 (8th Cir. 2011).

The defendant's allegations of ineffective performance are piecemeal. He asserts that counsel informed him that he "was looking at five years minimum" despite not taking a factual statement from him. Filing 45 at 15. He alleges that counsel did not inform him of the evidence against him or show him discovery materials. Filing 45 at 15. He says that counsel "did not advise [him] that his testimony would result in an acquittal." Filing 45 at 15. He insists that counsel told him, "prior to the plea, that it would be best not to say anything or object since it would make the government angry and the Court would impose more harsh punishment." Filing 45 at 15. He says that counsel did not interview witnesses who, according to him, would testify that he "is no child molester and does not have any sort of habit of viewing child pornography and is a law abiding citizen." Filing 45 at 16. And, he says, counsel did not advise him of his right to testify. Filing 49 at 1.

But nothing the defendant alleges would establish deficient performance or prejudice. That the defendant was facing a 5-year minimum sentence was entirely accurate. *See* § 2252(b)(1). The defendant does not allege, nor is the Court aware, of any evidence that would have been unknown to the defendant—much less any evidence that would create a reasonable probability the defendant would have insisted on going to trial. Counsel's alleged failure to advise the defendant that if he testified, he would be acquitted, is again entirely accurate: even assuming that the defendant would have testified in accord with his postconviction claims, such testimony would hardly have guaranteed an acquittal.

Counsel's alleged advice not to object to anything at the change of plea hearing is best understood as counseling the defendant to accept the plea agreement. The defendant alleges nothing to overcome the strong presumption that his sworn testimony at the change of plea hearing was true. *See Nguyen*, 114 F.3d at 703. And it bears noting that

> The principal value of counsel to the accused in a criminal prosecution often does not lie in counsel's ability to recite a list of possible defenses in the abstract, nor in his ability, if time permitted, to amass a large quantum of factual data and inform the defendant of it. Counsel's concern is the faithful representation of the interest of his client and such representation frequently involves highly practical considerations as well as specialized knowledge of the law. Often the interests of the accused are not advanced by challenges that would only delay the inevitable date of prosecution, or by contesting all guilt. A

> prospect of plea bargaining, the expectation or hope of a lesser sentence, or the convincing nature of the evidence against the accused are considerations that might well suggest the advisability of a guilty plea . . . .

*Tollett v. Henderson,* 411 U.S. 258, 267-68 (1973) (citations omitted). The defendant reaped a substantial benefit from the dismissal of the second charge against him, and his acceptance of responsibility. Counsel's advice that the defendant faced a harsher sentence if he did not plead guilty was, again, accurate. The defendant's belated and unpersuasive claim to be innocent does not establish that his counsel's advice was deficient,[2] nor does it establish a reasonable probability that he would not have pled guilty.

The defendant's claim that counsel did not investigate his case is contrary to the defendant's sworn testimony, at the change of plea hearing, that he believed counsel *had* sufficiently investigated the case. Nor would the alleged witnesses described by the defendant have been particularly useful. Testimony that the defendant "is no child molester" is not relevant when the defendant is not charged with child molestation. And testimony that the defendant "does not have any sort of habit of viewing child pornography" is not persuasive when "habit" is not an element of the offense, and because viewing child pornography is not an activity usually shared with friends and family. (The defendant's friend in this case notwithstanding.)

Finally, the defendant's contention that he was not advised of his right to testify is contrary to both his petition to enter a guilty plea, and the change of plea hearing: in both, the defendant was expressly advised, consistent with Rule 11(b), of his right to take the stand. Filing 19 at 2; filing 24 at 9.

In short, the defendant has alleged nothing establishing that his counsel performed deficiently, or that the defendant was prejudiced by any such deficiency. The defendant's claim of ineffective assistance of counsel has no merit.

## INVOLUNTARY PLEA

The defendant contends, in passing, that his plea was not knowing and voluntary because he was not shown discovery materials.[3] Filing 49 at 4-5. To

---

[2] An individual accused of a crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime. *North Carolina v. Alford,* 400 U.S. 25, 37 (1970); *United States v. Beck,* 606 F.2d 814, 816 (8th Cir. 1979).

[3] It is not clear to the Court whether this is meant as a separate claim, or whether it is part and parcel of the ineffective assistance of counsel claim. Erring on the side of caution, the Court considers it separately.

prove that his plea was not a knowing and voluntary plea, the defendant must show that he did not make a voluntary and intelligent choice among the alternative courses of action. *Weisberg v. State of Minn.*, 29 F.3d 1271, 1278 (8th Cir. 1994). But a review of the record, particularly the change of plea hearing, shows that the defendant's plea was knowing and voluntary. He has identified no evidence—even conjectural evidence—that he was not aware of at the time he pled guilty. In the absence of any such allegation, there is no reason to believe that the defendant's plea was unknowing.

### PLACEMENT BY MARSHAL

The defendant also contends that

> The United States Marshal Service interferred [sic] with petitioner's ability to communicate and go over any evidence that the government had favorable. The Marshal placed petitioner over one hundred and twenty miles from his lawyer's office and since his fee was so severely minimal there was no way this lawyer could afford to meet in person with petiioner [sic] without going bankrupt at his law practice. Thus, due to the placement by the Marshal petitioner's rights were seriously undermined and as well by counsel's unwillingness to drive to an extended distance and sit down and give petiioner [sic] an accurate appraisal and show him the discovery materials.

Filing 49 at 4.[4] Read charitably, the defendant might be contending that he was somehow denied the right to counsel by the conduct of the Marshal. *See, e.g.*, *Geders v. United States*, 425 U.S. 80, 88-91 (1976).

But the only alleged prejudice resulting from this supposed denial is inability to review discovery materials—and, as before, the defendant has not alleged the existence of any material that would have affected his decision to plead guilty. And the defendant knew about this claim no later than sentencing, so he has procedurally defaulted on it by not bringing it before this Court prior to judgment, or to the Court of Appeals on direct appeal. *See Lindsey v. United States*, 615 F.3d 998, 1000-01 (8th Cir. 2010).

### UNCONSTITUTIONAL OVERBREADTH

Finally, the defendant raises a constitutional challenge to the purportedly "overbroad reach" of § 2252A "as it has been used to reach conduct alleged by the government in the privacy of his own home." Filing 49

---

[4] Again, it is not clear to the Court whether this is meant as a separate claim, and again, the Court errs on the side of caution and considers it separately.

at 2. The defendant argues that an "outright ban on mere possession of pornography in one's own home" is not authorized. Filing 49 at 3.

But child pornography is categorically excluded from First Amendment protection. *New York v. Ferber*, 458 U.S. 747, 763 (1982). The defendant does not identify precisely what part of § 2252A he thinks is overbroad. And the validity of § 2252A has been conclusively upheld. *See United States v. Williams*, 553 U.S. 285, 292-305 (2008); *see also United States v. Anderson*, 759 F.3d 891, 893-96 (8th Cir. 2014). The statute is expressly limited to material that may be constitutionally proscribed, and does not criminalize a substantial amount of First-Amendment-protected activity. *See Williams*, 553 U.S. at 293, 303. So, the defendant's overbreadth argument fails.

## CONCLUSION

The defendant's allegations either entitle him to no relief, or are contradicted by the record. Accordingly, his § 2255 motion will be summarily dismissed. A movant cannot appeal an adverse ruling on his § 2255 motion unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012).

In this case, the defendant has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised are debatable among reasonable jurists, that a Court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability.

IT IS ORDERED:

1. The defendant's pro se motion to vacate under 28 U.S.C. § 2255 (filing 45) is denied.

2. The defendant's "Motion to Hold that Prejudice Must Be Presumed" (filing 49) is denied.

3. The Court will not issue a certificate of appealability in this matter.

4. A separate judgment will be entered.

5.  The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

Dated this 28th day of October, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge